# EXHIBIT B



MacElree Harvey, Ltd.
Attorneys at Law
209 East State Street
Kennett Square, PA 19348
610-444-3180 | main
macelree.com

Timothy F. Rayne
trayne@macelree.com
d| 610-840-0124
f| 610-444-3270

September 21, 2022

**VIA EMAIL ONLY:**
**dstrick@rawle.com**

Daniel S. Strick, Esquire
Rawle & Henderson LLP
725 Skippack Pike, Suite 230
Blue Bell, PA  19422

RE:    **Our Client:**          **Estate of Rita Petruzzi**
           **Date of Accident:**    **October 15, 2020**
           **File No.:**             **21007**
           **Progressive Claim No.:**   **213882329**

Dear Mr. Strick:

Attached is a clocked-in copy of the Complaint which has been filed. Please advise as to whether you are authorized to accept service on behalf of Oscar Texidor-Ramirez and Texidor Transport, LLC. If not, we will have the Complaint served in the accordance with the Rules of Civil Procedure.

Thank you for your anticipated courtesy and cooperation.

Sincerely,

Timothy F. Rayne

TFR/ejk
Attach.

cc:    Patrick Hickey, Esquire (Via Email Only)

4695791
805113.10530

TIMOTHY F. RAYNE, ESQUIRE                    ATTORNEY FOR PLAINTIFF
ATTORNEY I.D. 75589
MacELREE HARVEY, LTD.
209 East State Street
Kennett Square, PA  19348
P| 610-840-0124
F| 610-444-3270
E| trayne@macelree.com

---

| | |
|---|---|
| PATRICK HICKEY, ESQUIRE, Special Administrator Pendente Lite of the Estate of Rita T. Petruzzi, Deceased<br> 19 West Third Street<br> Media, PA 19063 | IN THE COURT OF COMMON PLEAS<br><br>DELAWARE COUNTY, PENNSYLVANIA |
| Plaintiff | |
| v. | NO. |
| OSCAR TEXIDOR-RAMIREZ<br> 2436 Owen Drive<br> Wilmington, DE 19808 | |
| AND | |
| TEXIDOR TRANSPORT, LLC<br> 2436 Owen Drive<br> Wilmington, DE 19808 | |
| AND | |
| JAMES PETRUZZI<br> 1835 S. Sugarloaf Road<br> Cornville, AZ 86325 | |
| Defendants | JURY OF TWELVE REQUESTED |

---

## **NOTICE TO DEFEND**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

LAWYER REFERENCE AND INFORMATION SERVICE
Delaware County Bar Association
Front and Lemon Streets
P.O. Box 466
Media, PA  19063
(610) 566-6625

TIMOTHY F. RAYNE, ESQUIRE          ATTORNEY FOR PLAINTIFF
ATTORNEY I.D. 75589
MacELREE HARVEY, LTD.
209 East State Street
Kennett Square, PA  19348
P| 610-840-0124
F| 610-444-3270
E| trayne@macelree.com

---

| | |
|---|---|
| PATRICK HICKEY, ESQUIRE, Special Administrator Pendente Lite of the Estate of Rita T. Petruzzi, Deceased<br>19 West Third Street<br> Media, PA 19063 | IN THE COURT OF COMMON PLEAS<br><br>DELAWARE COUNTY, PENNSYLVANIA |
| Plaintiff | |
| v. | NO. |
| OSCAR TEXIDOR-RAMIREZ<br> 2436 Owen Drive<br> Wilmington, DE 19808 | |
| AND | |
| TEXIDOR TRANSPORT, LLC<br> 2436 Owen Drive<br> Wilmington, DE 19808 | |
| AND | |
| JAMES PETRUZZI<br>1835 S. Sugarloaf Road<br> Cornville, AZ 86325 | |
| Defendants | JURY OF TWELVE REQUESTED |

---

### COMPLAINT

1.      Plaintiff, Patrick Hickey, Esquire is an adult individual with a business address at 19 West Third Street, Media, Pennsylvania 19063.

2.      On August 3, 2022, Patrick Hickey was appointed Special Administrator Pendente Lite by the Orphans' Court of the Court of Common Pleas of Delaware County, Pennsylvania for the sole purpose of prosecuting Wrongful Death and Survival Action litigation arising out of the death of Rita Petruzzi.

3.      Rita Petruzzi had a date of birth of July 2, 1924 and died on December 1, 2020.

4.      At the time of the incident at issue and her death, Rita Petruzzi resided at 1343 W. Baltimore Pike, Media, Pennsylvania 19063.

5.      Rita Petruzzi is survived by three adult children, James Petruzzi, Donna Perri and Robert Petruzzi.

6.      Defendant, Oscar Texidor-Ramierez is an adult individual who resides at 2436 Owen Drive, Wilmington, Delaware 19808.

7.      Texidor Transport, LLC is a Delaware corporation with a business address at 2436 Owen Drive, Wilmington, Delaware 19808.

8.      At all relevant times, Oscar Texidor-Ramirez was an agent or employee of Texidor Transport, LLC and was acting in the course and scope of his agency or employment.

9.      Defendant, James Petruzzi is an adult individual who resides at 1835 S. Sugarloaf Road, Cornville, Arizona 86325.

10.     On or about October 15, 2020, Rita Petruzzi was a front seat passenger in a 2007 Toyota Highlander which was being driven by her son, James Petruzzi.

11.     On or about October 15, 2020, at or about 3:18 PM, James Petruzzi was driving his 2007 Toyota Highlander northbound on Route 1 in Chadds Ford Township,

Delaware County, Pennsylvania and was in the turning lane intending to turn left onto Creek Road.

12.     As the light for Mr. Petruzzi's vehicle was changing from yellow to red, he executed a left-hand turn and his vehicle was impacted nearly head on by a tractor trailer owned by Texidor Transport, LLC and being driven by Oscar Texidor-Ramirez southbound on Route 1.

13.     At the same date and time that Mr. Petruzzi stopped on northbound Route 1 preparing to turn left, Oscar Texidor-Ramirez was driving a 1998 tractor trailer and was traveling south on Route 1 in the right-hand lane and was approaching the intersection with Creek Road.

14.     Although the traffic light for Mr. Texidor-Ramirez changed from yellow to red as he was approaching the intersection, he failed to slow and stop his vehicle before entering the intersection. Instead, Mr. Texidor-Ramirez entered the intersection on a steady red light where he impacted Mr. Petruzzi's vehicle nearly head-on.

15.     Mr. Texidor-Ramirez had a duty to operate the tractor trailer that he was driving prudently and carefully and to follow the relevant provisions of the Pennsylvania Motor Vehicle Code as well as applicable federal laws and regulations.

16.     Mr. Texidor-Ramirez operated his tractor trailer carelessly and negligently as follows:

      a.     In operating his vehicle at an excessive rate of speed under the circumstances;

      b.     In failing to have his vehicle under proper and adequate control;

      c.     In failing to apply the brakes in time to avoid the collision;

d.     In negligently applying the brakes;

e.     In failing to observe Mr. Petruzzi's vehicle on the highway;

f.     In failing to operate his vehicle in accordance with existing traffic condition and traffic controls;

g.     In failing to exercise the high degree of care required of a motorist entering an intersection;

h.     In failing to drive at a speed and in the manner that would allow Defendant to stop within the assured clear distance ahead;

i.     In failing to properly observe and obey traffic signals controlling Defendant's direction of travel;

j.     In failing to yield the right-of-way to traffic already upon the highway;

k.     In failing to prudently proceed through the intersection so as to avoid creating a dangerous situation for other vehicles on the highway;

l.     In proceeding through an intersection when such movement could not be made in safety;

m.     In operating a vehicle which Defendant knew or should have known was in a defective condition;

n.     In operating a motor vehicle without keeping it in a proper state of repair;

o.     In permitting or allowing his vehicle to strike and collide with the vehicle operated by Mr. Petruzzi;

     p.     In failing to operate his vehicle at a speed and in such a manner so as to be able to stop within the assured clear distance ahead in violation of 75 Pa.C.S.A. § 3361;

     q.     In failing to operate his vehicle in conformance with the maximum speed limit in violation of 75 Pa. C.S.A. §3362;

     r.     In failing to abide by a traffic-control signal in violation of 75 Pa.C.S.A. § 3112;

     s.     In operating a commercial motor vehicle or motor carrier vehicle while texting or using a handheld mobile telephone, in violation of 75 Pa.C.S.A. § 1621 and 1622; and

     t.     In operating the tractor trailer in violation of the Federal Motor Carrier Safety Regulations and the motor vehicle laws and regulations of the Commonwealth of Pennsylvania.

17.     The collision described above occurred as a factual cause of the carelessness and/or negligence of Defendant, Oscar Texidor-Ramirez.

18.     Defendant, Texidor Transport, LLC as the owner of the tractor trailer involved in the collision and the principal or employer of Mr. Texidor-Ramirez owed Rita Petruzzi a duty of care.

19.     Defendant, Texidor Transport, LLC is vicariously liable for the negligence of Mr. Texidor-Ramirez because he was its agent and/or employee and was acting within the course and scope of his agency or employment.

20.     In addition to being vicariously liable for the actions of its agent and/or employee, Oscar Texidor-Ramirez, Texidor Transport, LLC was careless and negligent as follows:

      a.     In negligently hiring and/or retaining Mr. Texidor-Ramirez;

      b.     In failing to adequately train Mr. Texidor-Ramirez;

      c.     In failing to adequately supervise Mr. Texidor-Ramirez; and

      d.     In failing to properly maintain the tractor trailer involved in the collision.

21.     The collision described above occurred as a factual cause of the carelessness and/or negligence of Defendant, Texidor Transport, LLC.

22.     James Petruzzi, as the driver of the vehicle in which Rita Petruzzi was a passenger, owed Rita Petruzzi a duty of reasonable care to prudently and carefully operate his vehicle as well as to obey the rules of the road contained in the Pennsylvania Motor Vehicle Code.

23.     James Petruzzi acted carelessly and negligently as follows:

      a.     In failing to have his vehicle under proper and adequate control;

      b.     In failing to keep a reasonable lookout for other vehicles lawfully on the road;

      c.     In attempting to enter an intersection when such movement could not be safely accomplished;

      d.     In failing to yield the right-of-way to traffic already upon the highway; and

      e.     In failing to yield the right-of-way before making a left-hand turn; and

f.      In failing to properly observe and obey traffic signals controlling his direction of travel.

24.     The collision described above occurred as a factual cause of the carelessness and/or negligence of Defendant, James Petruzzi.

25.     As a factual cause of the Defendants' negligence and carelessness, Rita Petruzzi suffered multiple blunt force trauma injuries; contusions and abrasions of the torso; bilateral tinnitus; hearing loss; traumatic brain injury and post-concussion syndrome; cervical strain and sprain and cervical disc injuries; anxiety and fatigue; dyspnea; tachycardia and an aggravation and progression of her congestive heart failure ultimately causing her premature death.

26.     As a factual cause of the Defendants' negligence and carelessness, Rita Petruzzi suffered medical bills, out-of-pocket expenses, physical and emotional pain and suffering, loss of life's pleasures and embarrassment and humiliation as well as premature death.

## COUNT I: WRONGFUL DEATH

### Patrick Hickey, Esquire, Special Administrator Pendente Lite of the Estate of Rita T. Petruzzi, Deceased v. All Defendants

27.     Plaintiff incorporates herein by reference the averments contained in the preceding paragraphs of the Complaint as though fully set forth.

28.     Decedent, Rita Petruzzi is survived by her three adult children, James Petruzzi, Donna Perri and Robert Petruzzi who are entitled to recover damages for her death and on whose behalf this Wrongful Death action is being brought.

29.    At no time during her lifetime did Rita Petruzzi bring an action for the damages alleged in this Complaint and no other action for her death is being commenced against any of the Defendants named herein.

30.    By reason of the carelessness and negligence of the Defendants set forth above which resulted in serious injuries to and the death of the Decedent, Rita Petruzzi, Plaintiff claims damages from the Defendants for and on behalf of the Wrongful Death beneficiaries as follows:

      a.    For loss of services, support and contributions which decedent had provided and made, and which decedent would have provided and made during the remainder of decedent's natural life, which services, support, and contributions would have continued until the termination of decedent's natural life but for the aforesaid tortious conduct;

      b.    For decedent's society, companionship, comfort and guidance, which the decedent had provided and which decedent would have continued to provide during the remainder of decedent's natural life, but for the aforesaid tortious conduct;

      c.    For funeral and burial expenses;

      d.    For expenses incident to the last illness and death of Plaintiff's decedent;

      e.    For expenses of administration; and

      f.    For other losses and expenses caused by aforesaid tortious conduct.

WHEREFORE, Plaintiff, Patrick Hickey, Special Administrator Pendente Lite of the Estate of Rita T. Petruzzi, Deceased, demands judgment in his favor and against all Defendants, jointly and severally, in an amount in excess of $50,000.00 plus interests, costs and delay damages.

## COUNT II: SURVIVAL ACTION

### Patrick Hickey, Esquire, Special Administrator Pendente Lite of the Estate of Rita T. Petruzzi, Deceased v. All Defendants

31. Plaintiff incorporates herein by reference the averments contained in the preceding paragraphs of the Complaint as though fully set forth.

32. Plaintiff brings this action on behalf of the decedent's Estate for damages suffered by the Estate of Rita Petruzzi as a result of her premature death caused by the carelessness and negligence of the Defendants as follows:

      a. For Plaintiff's  decedent's physical and mental anguish and pain, suffering and inconvenience from the time of the injury until death; and

      b. For Plaintiff's decedent's deprivation of the ordinary pleasures of life from the time of the injury until death.

WHEREFORE, Plaintiff, Patrick Hickey, Special Administrator Pendente Lite of the Estate of Rita T. Petruzzi, Deceased, demands judgment in his favor and against all Defendants, jointly and severally, in an amount in excess of $50,000.00 plus interests, costs and delay damages.

                **MacELREE HARVEY, LTD.**

                By:   /s/ Timothy F. Rayne
                     Timothy F. Rayne, Esquire
                     Attorney for Plaintiff

## VERIFICATION

The averments contained in the Complaint are true based upon the signers' personal knowledge or information and belief. If the foregoing contains averments that are inconsistent in fact, signers have been unable, after reasonable investigation, to ascertain which of these inconsistent averments are true, but signers have knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

_9/20/22_
Date

_____
PATRICK HICKEY, ESQUIRE

**NOTICE TO PLEAD**

YOU ARE HEREBY NOTIFIED TO FILE A
WRITTEN RESPONSE TO THE ENCLOSED NEW
MATTER WITHIN TWENTY (20) DAYS FROM
SERVICE HEREOF OR A JUDGMENT MAY BE
ENTERED AGAINST YOU.

Theodore P. Winicov

_____
THEODORE P. WINICOV, ESQUIRE

**FORRY ULLMAN**
By: Theodore P. Winicov, Esquire
Attorney I.D. No.:  37684
661 Moore Road, Suite 202
King of Prussia, PA 19406                     Attorney for Defendant James Petruzzi
twinicov@forryullman.com
(610) 977-2975

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICK HICKEY, ESQUIRE, Special | : | |
| Administrator Pendente Lite of the Estate | : | |
| Of Rita T. Petruzzi, Deceased | : | |
| *Plaintiff* | : | CIVIL ACTION-LAW |
| v. | : | |
| | : | NO.cv-2022-006947 |
| OSCAR TEXIDOR-RAMIREZ, | : | |
| TEXIDOR TRANSPORT, LLC and | : | |
| JAMES PETRUZZI, | : | |
| *Defendants* | : | JURY TRIAL DEMANDED |

## ANSWER TO COMPLAINT WITH NEW MATTER AND CROSS CLAIM PURSUANT TO Pa.R.C.P. 1031.1 OF DEFENDANT JAMES PETRUZZI

1.-9.    Admitted upon information and belief.

10.-11. Admitted.

12.-14. Denied.  After reasonable investigation, Defendant is without knowledge

sufficient to form a belief as to the truth of the matter asserted herein.  Strict proof is demanded

at trial.

15.-21. Admitted.

22.-26. Denied.  The allegations herein are conclusions of law to which no response is

required from Defendant.

## COUNT I

27.     Answering Defendant incorporates by reference his answers to paragraphs 1 through 26 as though fully set forth at length.

28.-30. Denied.  The allegations herein are conclusions of law to which no response is required from Defendant.

WHEREFORE, Defendant, James Petruzzi, demands judgment in his favor.

## COUNT II

31.     Answering Defendant incorporates by reference his answers to paragraphs 1 through 30 a though fully set forth at length.

32.     Denied.  The allegations herein are conclusions of law to which no response is required from Defendant.

WHEREFORE, Defendant, James Petruzzi, demands judgment in his favor.

## NEW MATTER

33.     Answering Defendant incorporates by reference the averments contained in previous paragraphs of its Answer to Plaintiff's Complaint as if the same were set forth at length herein.

34.     Plaintiff's Complaint fails to state a legally sufficient claim against Answering Defendant.

35.     Plaintiff's alleged damages may not be damages for which Answering Defendant is legally liable.

36.     Plaintiff's cause of action is or may be barred or otherwise limited by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. Section 1701, et seq.

37.     Pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, Plaintiff is precluded from pleading, introducing into evidence, proving or recovering the amount of benefits paid or payable under said Act up to and including the limit of required benefits under

said Act.  Answering Defendant hereby asserts all of the defenses, limitations, and immunities available to it under said Act.

38.     Plaintiff's claims may be barred by the doctrines of res judicata and/or collateral estoppel.

## CROSS CLAIM AGAINST CO-DEFENDANT OSCAR TEXIDOR-RAMIREZ AND TEXIDOR TRANSPORT, LLC

39.     Answering Defendant incorporates each of the averments contained within paragraphs 1 through 38 as if the same were set forth at length herein.

40.     If Plaintiff sustained the injuries and/or damages as alleged in their Complaint, all of which injuries and damages are specifically denied by Answering Defendant, then the same were not the result of any acts and/or omissions on the part of Answering Defendant, but rather said injuries and/or damages were caused, in whole or in part, due to the acts, omissions, negligence, carelessness and/or recklessness of Defendants, Oscar Texidor-Ramirez and Texidor Transport, LLC for the reasons alleged in Plaintiff's Complaint.

41.     Answering Defendant files this Crossclaim to protect his rights of contribution and indemnity should it be judicially determined that the Defendant in this matter is jointly and/or severally liable to Plaintiff on the causes of action alleged by them, the existence of any such liability being expressly denied.

42.     If the allegations in Plaintiff's Complaint are proven, which allegations are expressly denied by Answering Defendant, then Defendants, Oscar Texidor-Ramirez and Texidor Transport, LLC are solely liable to Plaintiff, jointly and/or severally liable with Answering Defendant, or are liable over to Answering Defendant by way of contribution to the Plaintiff and/or indemnity.

WHEREFORE, Answering Defendant respectfully requests that this Honorable Court sustain its New Matter and enter judgment in its favor and against all other parties to this action, and that Defendants, Oscar Texidor-Ramirez and Texidor Transport, LLC be found liable to the

Plaintiff, jointly and/or severally liable with Answering Defendant to the Plaintiff, or that

Defendants, Oscar Texidor-Ramirez and Texidor Transport, LLC are liable over to Answering

Defendant for any damages which Answering Defendant might be forced to pay to the Plaintiff

on the cause of action declared upon by them.

**FORRY ULLMAN**

BY: *Theodore P. Winicov*
—————————————————
THEODORE P. WINICOV, ESQUIRE
Attorney for Defendant James Petruzzi

Date:  10/4/2022

**FORRY ULLMAN**
By: Theodore P. Winicov, Esquire
Attorney I.D. No.:  37684
661 Moore Road, Suite 202
King of Prussia, PA 19406                    Attorney for Defendant James Petruzzi
twinicov@forryullman.com
(610) 977-2975

**IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| PATRICK HICKEY, ESQUIRE, Special | : | |
| Administrator Pendente Lite of the Estate | : | |
| Of Rita T. Petruzzi, Deceased | : | |
| *Plaintiff* | : | CIVIL ACTION-LAW |
| v. | : | |
| | : | NO.cv-2022-006947 |
| OSCAR TEXIDOR-RAMIREZ, | : | |
| TEXIDOR TRANSPORT, LLC and | : | |
| JAMES PETRUZZI, | : | |
| *Defendants* | : | JURY TRIAL DEMANDED |

## <u>CERTIFICATE OF SERVICE</u>

      I, Theodore P. Winicov, Esquire, certify that I filed the foregoing Answer with New

Matter and New Matter Cross Claim behalf of Defendant James Petruzzi with the Delaware

County Courts.   The parties will be notified of same through the Court's electronic mail system.



                       **FORRY ULLMAN**

                       *Theodore P. Winicov*

BY:              _____
                       THEODORE P. WINICOV, ESQUIRE
                       Attorney for Defendant James Petruzzi

Date:  10/4/2022

## **VERIFICATION**

I, Theodore P. Winicov, Esquire, pursuant to Pa. R.C.P. 1024 (c) state that I represent

Defendant, James Petruzzi in the foregoing action and that as such I am authorized to act on their

behalf.  I further aver that the facts set forth in the attached are true and correct upon information

and belief.  Further, Defendant is currently residing in Cornville, AZ, outside of the Court's

jurisdiction and Defendant's verification cannot be obtained within the time allowed for filing

this pleading.  I understand that false statements are made subject to the penalties of 18

Pa.C.S.A. 4904 relating to unsworn falsifications to authorities.


*Theodore P. Winicov*

_____

Theodore P. Winicov


Date: 10/4/2022

**RAWLE & HENDERSON** LLP
By:  Daniel S. Strick, Esquire
PA Id. No.:  88381
725 Skippack Pike, Suite 230
Blue Bell, PA  19422
610-940-4092
dstrick@rawle.com
*Attorneys for Defendants Oscar Texidor-Ramirez*
*and Texidor Transport, LLC*

| | |
|---|---|
| PATRICK HICKEY, ESQUIRE, Special Administrator Pendente Lite of the Estate of Rita T. Petruzzi, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> OSCAR TEXIDOR-RAMIREZ, TEXIDOR TRANSPORT, LLC, and JAMES PETRUZZI, <br><br> Defendants. | IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA <br><br> Civil Division <br><br> No. CV-2022-006947 |

## ACCEPTANCE OF SERVICE

I, Daniel S. Strick, Esquire, attorney for Defendants Oscar Texidor Ramirez and Texidor

Transport, LLC, agree to accept service of the Plaintiff's Complaint effective September 22,

2022, on behalf of for Defendants Oscar Texidor Ramirez and Texidor Transport, LLC only.

**RAWLE & HENDERSON** LLP

By:_____
Daniel S. Strick, Esquire
725 Skippack Pike, Suite 230
Blue Bell, PA 19422
(610) 940-4092
dstrick@rawle.com
*Attorneys for Defendants Oscar*
*Texidor-Ramirez and Texidor*
*Transport, LLC*

Date: September 23, 2022

## **CERTIFICATE OF SERVICE**

I, Daniel S. Strick, Esquire, attorney for Defendants Oscar Texidor-Ramirez and Texidor

Transport, LLC hereby certify that a true and correct copy of the foregoing Acceptance of

Service of the Complaint has been submitted to the following via ECF and/or electronic mail:

Timothy F. Rayne, Esquire
MacElree Harvey, LTd.
209 East State Street
Kennett Square, PA 19348
trayne@macelree.com

Daniel S. Strick

Date: September 23, 2022